Caitlin C. Blanche (SBN 254109)
caitlin.blanche@klgates.com
Morgan T. Nickerson (pro hac)
morgan.nickerson@klgates.com
K&L GATES LLP
One Park Plaza, Twelfth Floor
Irvine, CA 92614
T: (949) 253-0900
F: (949) 253-0902

Attorney for Plaintiff
Epson America, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANKER INNOVATIONS, LTD, and FANTASIA TRADING, LLC, <br><br> Defendants. | Civil Action No. <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff Epson America, Inc. ("Epson") by and through its undersigned counsel, complains of defendants Anker Innovations, Ltd. and Fantasia Trading, LLC's (collectively, "Defendants") conduct and alleges upon information and belief as follows:

## NATURE OF THIS ACTION

1. This is an action for trademark infringement including unfair competition and false advertising arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and Business and Professions Code §§ 17200 *et seq*. Defendants' conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Epson.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

3. Defendants are subject to personal jurisdiction in this forum because Fantasia Trading, LLC is a resident of the State of California; because they misrepresented the authentic nature of products to residents of the State of California and this District; because they have caused injury to Epson's trademarks in the State of California and this District; because they practice the unlawful conduct complained of herein, in part, within the State of California and this District; because they regularly conduct or solicit business within the State of California and this District; because they regularly and systematically direct electronic activity into the State of California and this District with the manifest intent of engaging in business within the State of California and this District, including the sale and/or offer for sale of products to Internet users within the State of California and this District, as well as, upon information and belief, entry into contracts with residents of the State of California and this District through the sale of items through various online retail platforms.

4. Similarly, venue is proper in this judicial district under 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff Epson America, Inc. is a California corporation having its principal place of business in Los Alamitos, California. It is a principal subsidiary of Seiko Epson Corporation, a Japanese corporation headquartered in Suwa, Nagano. Epson is a leading manufacturer in the printer, professional imaging, projector, scanner, systems devices, and factory automation categories. Epson has been a leading innovator in its field since it was founded in 1942.

6. Upon information and belief, defendant Anker Innovations, Ltd is a Chinese electronics company based in Changsha, Hunan. It sells, *inter alia*, projector products through online platforms such as Amazon.com and its own website found at the seenebula.com domain name. Upon information and belief, co-defendant Fantasia Trading, LLC is a California LLC located in Ontario, CA. Fantasia Trading, LLC is owned and operated by Anker Innovations, Ltd to run its operations within the United States.

7. This action seeks redress for Defendants' deliberate and unlawful misrepresentations regarding the light output of their projectors. Defendants use false claims regarding the light output of their projectors in their product descriptions and advertising.

## FACTS GIVING RISE TO THIS ACTION

**A.   Portable Consumer Projectors**

8. While traditionally associated with movie theaters, projectors have become an increasingly common video display product for consumers used in home, business, and educational settings.

9. Today, consumers use digital projectors in the same way as television or computer screens. Digital projectors receive video signals from external devices, such as computers, and "project" those signals onto a screen.

10. Consumers can purchase projectors in a variety of sizes ranging from the size of a cell phone to larger, permanently-mounted projectors for home theaters.

11. Within a particular projector category, such as portable consumer projectors, the quality and corresponding price of a specific projector is largely determined by its resolution and light output.

12. Projector light output is measured and described in lumens. The brighter the projector, the higher the lumen rating, and, all else being equal, the more it will likely cost.

13. The lumen rating for a projector is one of the most important and immediately recognizable projector features for consumers, and one that necessarily impacts consumer choice.

14. The American National Standards Institute developed and approved objective standards for measuring the lumen output of projectors, known as the "ANSI Standard." The ANSI Standard establishes protocols for measuring and communicating important performance attributes of projectors - including how to measure and communicate lumens.

15. As a preferred alternative to the ANSI Standard, the ICDM (International Committee for Display Metrology) sets standards for display metrology. It utilizes IDMS v. 1.03 (15.3 and 15.4) as its standard for measuring and communicating the performance attributes of, *inter alia*, projectors. ISO (the International Organization for Standardization) similarly sets standards for, *inter alia*, display metrology. ISO utilizes ISO/IEC 21118 as its standard for measuring and communicating the performance attributes of, *inter alia*, projectors.

B. **Epson Projectors**

16. Epson is recognized throughout the world and the United States as a leading projector manufacturer.

17. As a market leader, Epson continues to set standards for image quality, performance, and innovation with its line of multimedia projectors. Epson's

-3-
COMPLAINT

commitment to delivering quality products is recognized by the industry through various product awards and industry recognition.

18. Epson prides itself on achieving the highest customer satisfaction ratings, accomplished in large part by using the most precise testing equipment and procedures available to ensure accurate product descriptions and specifications.

**C.  Defendant's False Advertising of its Projectors**

19. Defendants are a direct competitor of Epson in the portable consumer projector market. Defendants sell and offer for sale projectors to consumers throughout the United States via various online commerce sites including, but not limited to, Amazon.com and its own domain found at seenebula.com.

20. Defendants sell their projectors under various models, including, but not limited to, the Cosmos Max and Cosmos branded projectors (collectively, the "Anker Projectors").

21. As a new entrant in the projector marketplace, and in order to gain traction in the marketplace, Defendants falsely advertised the light output of the Anker Projectors to artificially inflate the products' performance.

22. As follows are screenshots of how Defendants advertise their Cosmos Max projector on Amazon.com and their own webpage:





23. As can be seen from the screenshots, Defendants advertise a light output of 1500 ANSI lumens for their Cosmos Max projectors.

24. Epson tested various Cosmos Max projectors and none had a light output performance of 1500 ANSI lumens. Of the models tested by Epson, each Cosmos Max projector tested significantly below its advertised brightness value.

25. Accordingly, Defendants' claim of 1500 ANSI lumens for its Cosmos Max projectors is literally false.

26. As follows is a screenshot of how Defendants advertise their Cosmos projector on Amazon.com and their own webpage:





27. As can be seen from their advertisements, Defendants advertise a light output of 900 ANSI lumens for their Cosmos Max projectors.

28. Epson tested various Cosmos projectors and none had a light output performance of 900 ANSI lumens. Of the models tested by Epson, each Cosmos projector tested significantly below its advertised brightness value.

29. Accordingly, Defendants' claim of 900 ANSI lumens for their Cosmos projectors is literally false.

30. Defendants purposefully inflated the light output performance of their Anker Projectors in order to gain initial, artificial traction in the projector marketplace.

31. Indeed, Defendants' false advertisement of the Anker Projectors' light output performance is a key component to their advertising strategy. As follows is a screenshot taken from Amazon.com and their own webpage:



| | Nebula Cosmos Max | Nebula Cosmos |
|---|---|---|
| Projection Technology | DLP | DLP |
| Brightness | 1500 ANSI lumen | 900 ANSI lumen |
| Resolution | 3840x2160(16:9, UHD) | 1920x1080(16:9, FHD) |
| Operating System | Android TV 9.0, Download 7000+apps in Google Play store | Android TV 9.0, Download 7000+apps in Google Play store |
| Dolby Digital Plus& Speaker | Dolby Digital Plus& 4x10W | Dolby Digital Plus& 2x10W |
| Connectivity | HDMI,USB,Bluetooth,Wi-Fi,Chromecast | HDMI,USB,Bluetooth,Wi-Fi,Chromecast |

**Nebula Cosmos Max**

**Model Number:** D2150

**Color:** Black

**What's In The Box:** Nebula Cosmos Max, remote, quick start guide, adapter

**Note:** Remote required to use the Google Assistant.

**Display**

Display Technology: 0.47DMD in 4K DLP

Resolution: 3840x2160

Brightness: 1500 ANSI lumen (4500 lightsource lumen)

**Model Number: D2140**

**What's In The Box:** Nebula Cosmos, remote, quick start guide, adapter.

**Note:** Remote required to use the Google Assistant.

**Display**

Display Technology: 0.33DMD in 1080p DLP

Native Resolution: 1920x1080

Brightness: 900 ANSI lumens

32. To add to the confusion, Defendants' advertisements of the Anker Projector also contains the following graphics:

![1500 ANSI Lumens - Enjoy Ultra Brightness Anytime]

33. Through use of graphics such as the above and taglines such as "Enjoy Ultra Brightness Anytime," Defendants attempt to mislead unsophisticated consumers into believing that the Anker Projectors are capable of delivering bright pictures in any lighting environment.

34. These advertisements are false and misleading as the Anker Projectors are not capable of this type of brightness performance in the well-lit rooms.

35. Given their false statements regarding the light output performance of the Anker Projectors, customers have left feedback expressing disappointment in the brightness performance of the Anker Projectors.

36. As follows are examples of such feedback left on Defendant's Amazon.com page:

★★★★☆ **Not That Bright**
By Ben on December 31, 2020
I'm a happy owner of Mars II Pro and looked forward to this upgrade to Cosmos 4K Max. Alas, what I wanted the most was brightness but notwithstanding the substantially higher lumens, it's not a "wow!" difference. It is easier to use (remote and software is definitely better) and yes the resolution/clarity is noticeable, but brightness? Meh... The unit is bigger, heavier, louder (and hotter), but I'm not quite sure if the price is justified. And oddly enough, the autofocus is not as fast or accurate as the Mars II Pro. Sound is much better — but still... Will update again. see less

★★★★☆ **Nice quality, not bright.**
By honestreviewer on June 5, 2021
Very good quality, but not very bright unfortunately. If it's really dark in your room, the quality is outstanding but it lacks the brightness I wish it had. Our goal was to be able to use it outside from time to time but it's only usable if it's pitch black out there. A TV might be a better option see less

★☆☆☆☆ **Probably not a good choice if you will watch with any light.**
By Ben heyne on December 14, 2021
Not bright enough. Even with lights off it's very dull. I'm sure in the pitch black it would look much better. But I should have just purchased a tv.

★★★☆☆ **Nicely made, not for a bright room**
By Daniela Rosario on June 14, 2021
I like the fact that I can connect it via Bluetooth BUT the projector isn't the quality I needed for church service. see less

37. As shown by the feedback above, Defendants are significantly misrepresenting the light output of the Anker Projectors to consumers and causing confusion in the marketplace.

38. As a result, purchasers of any of Defendants' projectors are likely to be, and have actually been, misled and deceived by Defendants' literally false product labeling, descriptions, and advertisements.

39. Consumers expect the represented product specifications to be accurate for Defendants' projectors, as they base their purchasing decisions in large part on these representations. In fact, consumers that purchase Defendants' projectors receive projectors with drastically lower performance outputs.

40. Defendants' literally false and misleading product labeling, descriptions, and advertisements are damaging to Epson and are also damaging to the consuming public. These false and misleading representations are designed to entice consumers to purchase Defendants' products over Epson's products.

41. The natural, probable, and foreseeable result of Defendants' wrongful conduct has been to cause confusion, deception, and mistake in the portable consumer projector market as a whole, to deprive Epson of business and goodwill, to injure Epson's relationship with existing and prospective customers, and to divert sales of Epson projectors.

42. By means of example, after having a poor experience with Defendants' projector with an improperly inflated lumen value of "1500 ANSI lumens," the consuming public is less likely to purchase a projector with a lumen rating less than 1500 lumens as consumers will be unaware that Defendants' "1500 ANSI lumens" projector is not representative of the performance of a true 1500 lumen projector. This causes irreparable harm to Epson as well as to the entire portable projector marketplace.

43. Indeed, this can be seen in the customer feedback as customers who are not satisfied with the brightness of Defendants' projectors stated that they will instead purchase a television. This obviously results in harm to the entire portable projector marketplace.

44. Epson is informed and believes that Defendants' wrongful conduct has resulted in increased sales and market share of the Defendants' projectors while hindering the sales and market share of Epson's projectors and damaging Epson's goodwill.

45. Epson has sustained and will continue to sustain irreparable damages as a result of Defendants' wrongful conduct, unless enjoined.

## COUNT I

## False Advertising / Unfair Competition - Lanham Act

46. Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

47. Defendants have made and distributed, in interstate commerce and in this District, product listings and advertisements that contain false or misleading statements of fact regarding their products. These advertisements contain actual misstatements and/or misleading statements, including the light outputs of its projectors - attributes important to a consumer's purchasing decision.

48. These literally false statements and product performance attributes actually deceive, or have a tendency to deceive, a substantial segment of Epson's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Epson's customers.

49. Defendants' false and misleading advertisements constitute unfair competition and injure both consumers and Epson.

50. Defendants' false and misleading advertisements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

51. Defendants, as described more fully above, have caused, and will continue to cause, immediate and irreparable injury to Epson for which there is no adequate remedy at law. As such, Epson is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendants, their distributors, retailers, agents, employees, representatives, and all persons acting in concert with them, from engaging in further acts of false advertising, and ordering removal of all Defendants' false advertisements.

52. Defendants' actions are willful for the reasons set forth above.

53. Pursuant to 15 U.S.C. § 1117, Epson is entitled to recover from Defendants the damages sustained by Epson as a result of Defendants' acts in violation of Section 43 of the Lanham Act.

54. Pursuant to 15 U.S.C. § 1117, Epson is also entitled to recover from Defendants the gains, profits, and advantages that they have obtained as a result of their unlawful acts. Epson is presently unable to ascertain the full amount of the gains, profits, and advantages Defendants have obtained by reason of its unlawful acts.

55. Pursuant to 15 U.S.C. § 1117, Epson is further entitled to recover the costs of this action. Moreover, Epson is informed and believes that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Epson to recover additional damages and reasonable attorneys' fees.

## COUNT II

### Violation of Business and Professions Code §§ 17200 et seq.

56. Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

57. The California Unfair Competition Law, codified at Business and Professions Code sections 17200, et seq., prohibits any unlawful, unfair, or fraudulent business act or practice.

58. Defendants' acts, omissions, misrepresentations, and/or practices constitute unlawful, unfair, and/or fraudulent business acts and practices within the meaning of California Business & Professions Code §§ 17200, et seq.

59. Defendants' misconduct has a tendency and likelihood to deceive members of the public.

60. The foregoing acts and practices have caused substantial harm to Epson.

61. As a direct and proximate cause of the unlawful, unfair, and fraudulent acts and practices of Defendants, Epson has lost money and suffered injury in fact and damage in the form of lost sales revenue, fees, and other costs.

62. Defendants' conduct constitutes fraud, suppression and/or concealment, and misrepresentation of material facts known to it, with the intent of inducing reliance and thereby depriving Epson of property and/or legal rights or otherwise causing injury. Defendants' conduct subjected Epson to unjust hardship in conscious disregard of the Plaintiff's rights, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Epson to an award of exemplary and punitive damages in an amount appropriate to punish or set an example of Defendants.

WHEREFORE, Epson prays for judgment against Defendants as follows:

A. For temporary, preliminary, and permanent injunctive relief prohibiting Defendants, their distributors, retailers, agents, or anyone working for, in concert with, or on behalf of Defendants to sell their products, from engaging in false or misleading advertising with respect to its projector products, and/or violating Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), which relief includes but is not limited to removal of all Defendants' products from online commerce sites, such as, but not limited to, Amazon.com, and Defendants' own website, as well as retail stores, until such a time as Defendants can correct their false or misleading advertisements;

B. For an order requiring Defendants to correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of Defendants' projectors, including without limitation, the placement of corrective advertising and providing written notice to the public and its prior customers;

C. That Defendants be adjudged to have violated 15 U.S.C. § 1125(a) and Business and Professions Code §§ 17200 et seq. by unfairly competing against Epson by using false, deceptive or misleading statements of fact

that misrepresent the nature, quality, and characteristics of Defendants' projectors;

D. That Epson be awarded damages it has sustained in consequence of Defendants' conduct including, but not limited to, its loss of market share;

E. That Epson be awarded Defendants' profits obtained by Defendants as a consequence of its resale of falsely advertised products;

F. That such damages and profits be trebled and awarded to Epson as a result of Defendants' willful, intentional, and deliberate acts in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a);

G. That Epson be awarded exemplary and punitive damages;

H. That Epson recover its costs and reasonable attorneys' fees;

I. That all of Defendants' misleading and deceptive materials and products be destroyed as allowed under 15 U.S.C. § 1118;

J. That Epson be granted prejudgment and post judgment interest; and

K. That Epson be awarded such further relief as the Court deems just and proper.

## JURY TRIAL CLAIM

Epson claims a trial by jury on all issues so triable.

Dated: January 26, 2022

K&L GATES LLP

By: *[signature]*
Morgan T. Nickerson (pro hac)
Caitlin C. Blanche
*Attorneys for Plaintiff*
*Epson America, Inc.*